O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

VICTOR DE LA CRUZ,

               Petitioner,

        v.

DAVE DAVEY, Warden,

            Respondent.

Case No. CV 16-1190-KES

MEMORANDUM OPINION AND ORDER SUMMARILY DIMISSING PETITION

## I.

## INTRODUCTION

On February 12, 2016, Petitioner signed and thereby constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody.[1]  (Dkt. 1.)

---

[1] Under the mailbox rule, a pro se prisoner's habeas petition is constructively filed when he gives it to prison authorities for mailing. Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010).  A court generally deems a habeas petition filed on the day it is signed, because it assumes the petitioner turned the petition over to prison authorities for mailing that day.

Petitioner also filed an election consenting to proceed before the Magistrate Judge.  (Dkt. 2.)

The Petition challenges the restitution fines imposed on Petitioner as part of his sentence following his 2005 conviction for second degree murder with enhancements for personally discharging a handgun causing death and committing the crime for the benefit of a street gang.  (Dkt. 1 at 2.)  Petitioner was convicted by a Los Angeles Superior Court jury and sentenced on April 28, 2005 to state prison for a term of forty years to life.  (Id.)  Petitioner was also ordered to pay a restitution fine of $10,000 pursuant to California Penal Code ("PC") § 1202.4(b) and victim restitution of $5,409 to the decedent's mother for funeral and burial expenses pursuant to PC § 1202.4(f).  (Id. at 15.)

Rule 4 of the Rules Governing Section 2254 Cases provides, "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal …."  Upon screening the Petition, the Magistrate Judge issued an order to show cause ("OSC") why the Petition should not be summarily dismissed as untimely and for failure to state cognizable federal claims.  (Dkt. 4.)

On March 7, 2016, Petitioner responded to the OSC by asserting that he is entitled to equitable tolling on various grounds including misconduct by his appellate counsel and lack of access to his legal papers.  (Dkt. 6.)  His response to the OSC, however, does not address why his restitution-related claims are cognizable on federal habeas review.

Because Petitioner's equitable tolling claims appear to depend on disputed factual issues, the Court declines to reach the issue of the statute of

---

Butler v. Long, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (per curiam) (as amended).

limitations.  For the reasons stated below, however, the Court hereby dismisses the Petition for failure to state a cognizable federal claim.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2012, Petitioner moved the trial court to modify his sentence.  People v. De La Cruz, 2014 Cal. App. Unpub. LEXIS 4737, *1-2 (Cal. App. 2d Dist. July 3, 2014).  He sought to reduce the restitution fine from $10,000, the statutory maximum, to $200, the statutory minimum.  Id.  The court denied the motion.  Id.  More than a year later, Petitioner moved the trial court to strike both the restitution fine and the victim restitution.  Id.  The court denied that motion as well.  Id.  Petitioner then appealed the trial court's orders denying relief from the victim restitution order and the restitution fine.

On appeal, Petitioner's appointed counsel filed a Wende brief raising no issues.  Id.  After an independent review of the record, the California Court of Appeal affirmed.  Id.  The Court of Appeal also denied Petitioner's motion to appoint a different attorney.  Id.

## III.

## SUMMARY OF CLAIMS

Claim One:  Petitioner alleges that his federal constitutional rights were violated when "the trial court violated ex post facto prohibition by sentencing an excessive restitution fine of $15,409 …."  (Dkt. 1 at 15.)  Petitioner contends that this fine exceeds the statutory maximum of $10,000 permitted under California law.  (Id.)  Petitioner also claims error under Apprendi v. New Jersey (2000) 530 U.S. 466 (2000) in that the jury was not asked to decide the factual predicate of the two restitution orders.  (Id.)

Claim Two:  Petitioner alleges that "the trial court subjected Petitioner to double jeopardy by double punishment for one offense with a restitution fine of $10,000 and a restitution order of $5,409.00 …."  (Id. at 18.)

3

<u>Claim Three</u>:  Petitioner alleges that his due process rights were violated "by not submitting to the jury the facts" that increased his restitution above the minimum.  (<u>Id</u>. at 19.)

<u>Claim Four</u>:  Petitioner alleges that he received ineffective assistance from his trial counsel because "counsel allowed petitioner to be sentenced to an unreasonable and unauthorized fine … without an objection …."  (<u>Id</u>. at 22.)

Petitioner's prayer for relief is to reduce both the restitution fine and victim restitution order to the statutory minimum of $200.  (<u>Id</u>. at 24.)

**IV.**

**APPLICABLE LAW**

**A.**   **California's Restitution Statutes**

California law contemplates that persons convicted of a crime will pay two forms of monetary restitution.  "The court, in addition to any other penalty provided or imposed under the law, shall order the defendant to pay both of the following:  (A) A restitution fine in accordance with subdivision (b); (B) Restitution to the victim or victims, if any, in accordance with subdivision (f), which shall be enforceable as if the order were a civil judgment."  PC § 1202.4(a)(3).

For the restitution fine, PC § 1202.4(b) provides that, "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record."  The restitution fine "shall be set at the discretion of the court and commensurate with the seriousness of the offense."  PC § 1202.4(b)(1).  When Petitioner was sentenced in 2005, the minimum restitution fine for a felony was $200, while the maximum restitution fine was $10,000.  <u>Cf.</u> Stats 1999 ch. 121 § 1 (SB 1250) ch. 584 § 4 (AB 606), operative January 1, 2000, <u>and</u> Stats 2005 ch. 238

4

§ 1 (SB 972), ch 240 § 10.5 (AB 22), effective January 1, 2006 (both containing the $200 minimum/$10,000 maximum).

If the court imposes a restitution fine in excess of the statutory minimum, then the court shall "consider any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered losses as a result of the crime, and the number of victims involved in the crime." Id. § 1202.4(d). "Express findings by the court as to the factors bearing on the amount of the fine shall not be required," however. Id.

For the victim restitution order, PC § 1202.4(f) provides that, "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." There is no statutory minimum or maximum for this form of restitution. Rather, the restitution order "shall identify each victim and each loss to which it pertains, and shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct …." Id. § 1202.4(f)(3).

Fact-finding concerning the proper amount of victim restitution is allocated to the sentencing court. "The defendant has the right to a hearing before a judge to dispute the determination of the amount of restitution." Id. § 1202.4(f)(1). The sentencing court then prepares the order. Id. § 1202.4(f)(3). "A restitution order imposed pursuant to subdivision (f) shall be enforceable as if the order were a civil judgment." Id. § 1202.4(i).

Petitioner acknowledges the difference between restitution due under PC § 1202.4(b) versus § 1202.4(f).  The restitution fine due under PC § 1202.4(b) is a criminal penalty paid to the state's victim restitution fund.  (Dkt. 1 at 17.)  In contrast, the direct victim restitution ordered under § 1202.4(f) goes to the victim or his/her heirs.  (<u>Id</u>.)

**B.   <u>Scope of Federal Habeas Review</u>**

Under 28 U.S.C. § 2254(a), Petitioner may only seek habeas relief from a state court conviction or sentence if he contends that he is in custody in violation of the Constitution or laws or treaties of the United States.  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); <u>Smith v. Phillips</u>, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution.").  A writ of habeas corpus is unavailable for alleged errors in the interpretation or application of state law.  <u>See</u> <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990).  Because state courts are the ultimate expositors of state law, the federal courts are bound by their constructions and limited to deciding whether a conviction violates the Constitution, laws or treaties of the United States.  <u>Bonin v. Calderon</u>, 59 F.3d 815, 841 (9th Cir. 1995).

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody[.]"  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).  As a result, claims that challenge restitution orders are not cognizable on federal habeas corpus review.  For example, in <u>Bailey v. Hill</u>, 599 F.3d 976, 984 (9th Cir. 2010), Petitioner Bailey was ordered to pay victim restitution under Oregon law.  The Ninth Circuit determined that his habeas petition failed to state a cognizable claim under section 2254, as follows:

Bailey's challenge to the restitution order lacks any nexus, as required by the plain text of § 2254(a), to his custody. While Bailey's liberty has been severely restrained by his conviction and custodial sentence, the remedy that Bailey seeks, the elimination or alteration of a money judgment, does not directly impact – and is not directed at the source of the restraint on – his liberty. If successful, Bailey could reduce his liability for restitution but would still have to serve the rest of his custodial sentence in the same manner; his remedy would affect only the fact or quantity of the restitution that he has to pay to the victim. Bailey's argument is only that he has been ordered to *pay restitution* "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and not that his custody is unlawful. That he is in physical custody while attacking the restitution order is insufficient to confer jurisdiction over his habeas petition.

Id. at 981 (emphasis in original); see also Flores v. Hickman, 533 F.Supp.2d 1068, 1085 (C.D. Cal. 2008) (inmate's challenges to $10,000 restitution order under PC § 1202.4(f) not cognizable in habeas corpus proceeding); Tuggle v. Campbell, 261 Fed. App'x 56, 58 (9th Cir. 2007), cert. denied, 555 U.S. 844 (2008) (unpublished) ("The fact that [California inmate] seeks release from custody in addition to relief from his fine does not create jurisdiction to review the fine.").

## V.

## DISCUSSION

Because all of Petitioner's claims challenge his restitution fine and victim restitution order, they all fail to state a cognizable federal claim based on the above-cited authority. They also fail for the following additional reasons:

7

**A.    Claim One**

Petitioner's ex post facto argument cites <u>People v. Zito</u>, 8 Cal.App.4th 736 (1992).  (Dkt. 1 at 34.)  <u>Zito</u> addressed a 1990 change in California law.  "Before 1990, the direct restitution and restitution fine could not exceed a total of $ 10,000, regardless of the number of victims or counts involved."  <u>Zito</u>, 8 Cal.App.4th at 740.  Effective January 1990, however, the law changed "to permit direct restitution, in lieu of all or a portion of the restitution fine, 'in the amount of the losses, as determined.'"  <u>Id</u>. at 741.  The <u>Zito</u> court determined that the law effective as of January 1990 could not be applied to pre-1990 crimes.  <u>Id</u>.

Here, Petitioner does not allege that PC § 1202.4 changed in any relevant way between the date of his crimes and the date of his 2005 sentence.  As explained by <u>Zito</u>, since January 1990, courts have been permitted to assess a restitution fine (subject to a statutory maximum) in addition to victim restitution (limited only by actual losses).  This means that since January 1990, the direct restitution and restitution fine together *can* exceed $10,000, as they do in Petitioner's case.  Petitioner thus fails to state a claim for violation of the Ex Post Facto Clause.

With regard to Petitioner's <u>Apprendi</u> claims, because the trial court imposed a restitution fine of $10,000 (i.e., within the statutory range for § 1202.4(b) fines), no additional facts needed to be found to support that order.  <u>See</u> <u>Blakely v. Washington</u>, 542 U.S. 296, 303-04 ("The 'statutory maximum' for <u>Apprendi</u> purposes is the maximum a judge may impose based solely on the facts reflected in the jury verdict or admitted by the defendant."); <u>see also</u> <u>Kucharski v. Woodford</u>, 2008 U.S. Dist. LEXIS 112645, *16 (N.D. Cal. Apr. 25, 2008) (rejecting <u>Apprendi</u> claim based on judge-imposed $10,000 fine under PC § 1202.4(b)).

As for victim restitution orders under PC § 1202.4(f), <u>Apprendi</u> does not

8

1  apply, because such orders are akin to civil judgments, not criminal
2  punishment.  Murphy v. Cate, 2010 U.S. Dist. LEXIS 130994, *38-39 (S.D.
3  Cal. Aug. 24, 2010) citing PC §1202.4(a)(3)(B) (rejecting Apprendi claim based
4  on $6,103.33 judge-ordered victim restitution under PC § 1202.4(f)).  Thus,
5  Petitioner has not alleged an Apprendi violation.

**B.    Claim Two**

7          As discussed above, victim restitution ordered under PC § 1202.4(f) is
8  akin to a civil judgment, not a criminal penalty.  PC § 1202.4(a)(3)(B).  For this
9  reason, its imposition cannot violate the Double Jeopardy Clause.  Caperton v.
10 A. T. Massey Coal Co., 556 U.S. 868, 899 (2009) ("Historically, we have held
11 that the Double Jeopardy Clause only applies to criminal penalties, not civil
12 ones.").

**C.    Claim Three**

14         Whether characterized as a "due process" violation or an Apprendi
15 violation, Petitioner did not have a constitutional right to have the jury make
16 factual findings beyond a reasonable doubt to support either the restitution fine
17 imposed under PC § 1202.4(b) or the victim restitution order imposed under
18 PC § 1202.4(f), for the same reasons discussed in connection with Claim One.

**D.    Claim Four**

20         To prevail on a claim of ineffective assistance, Petitioner must
21 demonstrate that his counsel's performance "fell below an objective standard
22 of reasonableness."  Strickland v. Washington, 466 U.S. 668, 688 (1984).
23 Because Petitioner has failed to demonstrate any error infected the imposition
24 of the restitution fine or the victim restitution order, he cannot demonstrate
25 that his counsel was ineffective for failing to object.  Hammonds v. McGrath,
26 267 Fed. App'x 687, 691 (9th Cir. 2008) (rejecting ineffective assistance of
27 counsel claim based on failing to object to a restitution fine, where the fine was
28 permitted by state law).

# VI.

## DISPOSITION

For these reasons, the Court summarily dismisses the Petition with prejudice.

Dated:  <u>April 06, 2016</u>

_Karen E. Scott_
_____
KAREN E. SCOTT
United States Magistrate Judge